IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DENNIS R. BROCK,**

    Plaintiff,

  vs.                                  Civil Action 2:15-cv-3050
                                            Judge Watson
                                            Magistrate Judge King

**ATTORNEY GENERAL OF THE STATE OF
OHIO, MIKE DeWINE,**

    Defendant.

**REPORT AND RECOMMENDATION**

      This matter is before the Court for the initial screen of the *Complaint*, ECF No. 6, pursuant to 28 U.S.C. §§ 1915(e), 1915A. For the reasons that follow, the Court concludes that the *Complaint* must be dismissed for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted.

      Plaintiff, a state inmate, brings this civil action challenging

> Ohio Revised Code 2323.52 . . ., Ohio's vexatious litigator statute for being vague and ambiguous and for failure to support Fourteenth Amendment rights of the United States Constitution. Specifically for violating the Fourteenth Amendment where:
>
>     "No state shall make or enforce any law which shall abridge the privileges or immunities of any citizen of the United States."

*Complaint*, p. 1. Plaintiff complains that he was declared a vexatious litigator pursuant to O.R.C. § 2323.52 by the Hocking County Court of Common Pleas, that the state court of appeals affirmed that judgment,

1

*see Ohio Attorney General v. Dennis R. Brock*, 14CA19 (Ohio Ct. App. 4th Dist. October 1, 2015), ECF No. 1-2, and that, consequently, the Ohio Supreme Court refused to file his appeal in accordance with Ohio S. Ct. Prac. R. 4.03(B). *Complaint*, p. 2. Plaintiff appears to allege that this designation as a vexatious litigator has deprived him of the opportunity to pursue his state habeas corpus action challenging his criminal conviction. *Id*. at p. 2. Plaintiff asks that O.R.C. § 2323.52 be declared vague and ambiguous and inapplicable "to habeas corpus cases because such application violates Fourteenth Amendment protections," and that he be granted "relief from vexatious litigator status imposed upon him . . . by the Hocking County Common Pleas Court" and by the Ohio Supreme Court. *Id*. at 7-8.[1]

To the extent that plaintiff seeks relief from the judgments and decisions of the state courts in characterizing plaintiff as a vexatious litigator, this Court lacks jurisdiction to consider that claim.

> Federal district courts do not stand as appellate courts for decisions of state courts*. See Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923)*; Dist. Of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine "prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision." *Luber v. Sprague*, 90 Fed. Appx. 908, 910 (6th Cir. 2004). Federal courts' "authority to review a state court's judgment" is vested "solely in [the Supreme] Court." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 292 (2005).

<u>Hall v. Callahan</u>, 727 F.3d 450, 453 (6th Cir. 2013). Because plaintiff seeks, *inter alia*, relief from the effect of the judgments of Ohio

---

[1] However, plaintiff does not appear to challenge the constitutionality of Ohio S. Ct. R. 4.03(B), either facially or as applied.

2

courts, the *Rooker-Feldman* doctrine divests this Court of jurisdiction to resolve that claim. *See Ryan v. McIntosh*, 2014 WL 580137, *6 (S.D. Ohio Feb. 12, 2014).

Plaintiff's claim that O.R.C. § 2323.52 is unconstitutional is not foreclosed by the *Rooker-Feldman* doctrine. *See id*. at *5. However, the Court concludes that, nevertheless, this claim cannot proceed.

Section 2323.52 of the Ohio Revised Code prohibits persons adjudged to be vexatious litigators from instituting or continuing "legal proceedings in the court of claims or in a court of common pleas, municipal court, or county court," or in the state court of appeals, without leave of court. O.R.C. § 2323.52(D)(1)(a), (b), (3). The statute does not pose an absolute bar to litigation. "Instead, it establishes a screening mechanism under which the vexatious litigator can petition the declaring court, on a case-by-case basis, for a determination of whether any proposed action is abusive or groundless." *Mayer v. Bristow*, 91 Ohio St. 3d 3, 15 (2000). Moreover, the statute expressly limits its reach to actions in Ohio courts; as evidenced by the pendency of this action, the statute has no applicability to litigation filed in federal courts. *Carr v. Riddle*, 136 Ohio App. 3d 700, 704 (Ohio Ct. App. 8th Dist. 2000); *Caghan v. Caghan,* 2015 WL 2194199, *11 (Ohio Ct. App. 5th Dist. May 11, 2015).

The United States Court of Appeals for the Sixth Circuit has held that O.R.C. § 2323.52, on its face, does not violate the Due Process Clause of the Fourteenth Amendment because it "restrains narrowly only the conduct it seeks to prohibit, by providing a mechanism by which

3

even vexatious litigants can file meritorious actions." *Hall v. Callahan*, 727 F.3d 450, 456-57 (6th Cir. 2013).

Plaintiff claims that O.R.C. § 2323.52 is unconstitutional because it impedes his right to pursue a habeas corpus action in contravention of the Privileges and Immunities Clause of the Fourteenth Amendment to the United States Constitution. *Complaint*, p. 8. The Fourteenth Amendment provides in relevant part as follows:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. Amdt. 14, § 1. "The Framers of the Fourteenth Amendment modeled this Clause upon the 'Privileges and Immunities' Clause found in Article IV." *Saenz v. Roe*, 526 U.S. 489, 502 n.15 (1999)(citing U.S. Const. art. IV, § 2, cl. 2). That clause prohibits "discrimination against citizens of other States where there is no substantial reason for the discrimination beyond the mere fact that they are citizens of other States." *Toomer v. Witsell*, 334 U.S. 385, 398 (1948). "The section, in effect, prevents a state from discriminating against citizens of other states in favor of its own." *Hague v. Committee for Indus. Organization,* 307 U.S. 496, 511 (1939). Plaintiff does not allege, and it does not appear, that O.R.C. § 2323.52 has the effect of discriminating against citizens of states other than Ohio or in favor of citizens of the State of Ohio.

The *Complaint* also refers to "United States Constitution, Art. I, Sec. 9," which "identif[ies] writ of habeas corpus as a privilege."

*Id*. at 6. The "Suspension Clause" of the Constitution provides, "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2. This clause imposes a limitation on the powers of the Congress of the United States and of its Chief Executive. *See Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). It has no application to the laws of the State of Ohio.  In any event, as noted *supra*, O.R.C. § 2323.52 does not purport to limit the jurisdiction of federal courts to entertain a petition for a writ of federal habeas corpus. *See* 28 U.S.C. § 2241 *et seq*.

This Court concludes that the *Complaint* fails to state a federal claim over which this court has jurisdiction or upon which relief may be granted.

It is therefore **RECOMMENDED** that this action be dismissed for lack of subject matter jurisdiction or for failure to state a claim for relief.[2]

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).   Response to objections

---

[2] To the extent that plaintiff also alleges that O.R.C. § 2323.52 violates the Ohio Constitution, *see Complaint*, p. 6, the Court concludes that, in the absence of a claim arising under federal law, this Court lacks jurisdiction to entertain this state law claim between citizens of the same state. *See* 28 U.S.C. § 1332.

5

must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

                                    s/Norah McCann King
                                      Norah M<sup>c</sup>Cann King
December 29, 2015          United States Magistrate Judge